IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CARLTON L. AVERY doing business as )
Avery Mediation Services, )
)
      Plaintiff, )
)
v. )  CASE NO. 2:25-cv-571-MHT-JTA
)  (WO)
THE BULLER GROUP, LLC, JIM )
HOLIBER, DAVID ARNOW, BKM )
FACILITIES MANAGEMENT, LLC, )
and CRAIG VEACH, )
)
      Defendants. )

## ORDER

Before the court is the parties' Joint Notice Concerning Mediation. (Doc. No. 43.) The court is obliged to manage its docket to ensure the just, speedy, and efficient resolution of the cases before it. *See Dietz v. Bouldin*, 579 U.S. 40, 45, 47 (2016); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). In accordance with these obligations, the court will not allow cases to sit dormant on its docket simply because mediation has stalled and Plaintiff has yet to comply with orders to amend his complaint. Furthermore, United States Magistrate Judge Chad W. Bryan informed the undersigned that PSAP court-annexed mediation has concluded with no settlement and further discussions would not be beneficial. This case must move forward.

Accordingly, it is ORDERED as follows:

1.      This action is no longer referred to United States Magistrate Judge Chad W. Bryan for PSAP court-annexed mediation. The parties are encouraged to

continue settlement discussions on their own. Should they wish to engage further in mediation, they shall choose a private mediator and jointly notify the court of the status of their renewed mediation efforts <u>not later than five days</u> after selecting a mediator.

2.    Attorney Gavin King has fulfilled all responsibilities of his appointment in this action. Attorney King is RELEASED as a PSAP volunteer.

3.    The Clerk of Court is DIRECTED to terminate Attorney King from the docket.

4.    The November 21, 2025 Recommendation of the Magistrate Judge (Doc. No. 37) is WITHDRAWN.

5.    **On or before December 23, 2025**, Plaintiff Carlton L. Avery[1] shall file an amended complaint that complies with the following requirements:

a.    Names as defendants only those individuals Plaintiff contends are personally responsible for the acts or omissions upon which he bases his claims. Plaintiff shall specify the capacity or capacities in which each Defendant is sued.

b.    Sets out a short, plain statement of the facts on which Plaintiff bases his claims. Plaintiff must specifically describe how each named

---

[1] Plaintiff has already been afforded PSAP assistance to amend his complaint. No further PSAP assistance will be provided to Plaintiff.

Defendant acted, or failed to act, in a manner that gave rise to each of Plaintiff's claims against them.

c.   Presents a short and plain statement of each claim showing Plaintiff is entitled to relief and giving each Defendant fair notice of what Plaintiff's claims are and the grounds upon which each claim rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). The amended complaint should set out each claim in a separately numbered count and reference specific allegations of fact that support each legal claim.

Plaintiff is ADVISED the amended complaint will supplant the original complaint. In other words, the amended complaint will be the operative complaint for this matter going forward.

**Further, Plaintiff is ADVISED that failure to timely file an amended complaint in compliance with the requirements of this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the Court's orders.**

Court-ordered deadlines exist to ensure the prompt resolution of this action. The case will not move forward if Plaintiff continues his pattern of failing to comply with court orders, or if the parties delay their litigation responsibilities because they are engaged in open-ended mediation or settlement discussions. **Absent express leave of court, the existence of settlement discussions does not excuse any party from complying with court orders.** (*See* Doc. No. 40 (Plaintiff's admission that, out of concern for the ongoing

mediation discussions, he unilaterally decided to disregard court orders to amend his complaint).)  Motions to extend court deadlines and for relief from court orders must comply with the applicable Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 6, 7.

On numerous occasions, the court has advised Plaintiff of the consequences of continued failure to abide by the court's orders. **Failure to comply with court orders may result in sanctions, including monetary sanctions or dismissal of this action. If Plaintiff fails again to comply with a court order, the undersigned <u>will</u> recommend this action be dismissed <u>with prejudice</u>.**

DONE this 16th day of December, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

4