IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CARLTON L. AVERY doing business as )
Avery Mediation Services, )
                             )
     Plaintiff, )
                             )
v. )  CASE NO. 2:25-cv-571-MHT-JTA
                           )  (WO)
THE BULLER GROUP, LLC, et al., )
                           )
     Defendants. )

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Defendants timely removed this action based on federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367, on July 25, 2025. (Doc. No. 1.) The *pro se* Plaintiff, Carlton L. Avery alleges, among other claims, discrimination "'based on race, interfering with housing rights', in violation of the Fair Housing Act ["FHA"], 42 U.S.C. § 3601 et seq."[1] (*Id.* at 4.)  For the reasons stated below, the undersigned recommends dismissal of this action with prejudice for Plaintiff's contumacious disregard of court orders and failure to prosecute.

## I.     STANDARD OF REVIEW

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla.*

---

[1] The court exercises subject matter jurisdiction over Plaintiff's FHA claim pursuant to 28 U.S.C. § 1331. The court also exercises supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(a).

*Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers*

*v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Consistent with this authority, and pursuant to

Rule 41(b)[2] of the Federal Rules of Civil Procedure, "the court may dismiss a plaintiff's

action *sua sponte* for failure to prosecute or failure to comply with the Federal Rules of

Civil Procedure or a court order." *Centurion Sys., LLC v. Bank of New York Melon*, No.

8:21-CV-726-SDM-AAS, 2021 WL 7448071, at *1 (M.D. Fla. Aug. 12, 2021) (citing *Jones*

*v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)), *report and recommendation adopted*

*sub nom. Centurion Sys., LLC v. Bank of New York Mellon*, No. 8:21-CV-726-SDM-AAS,

2021 WL 7448080 (M.D. Fla. Aug. 27, 2021). "Included within this inherent power is the

authority to 'impose formal sanctions upon dilatory litigants.'" *Nurse v. Sheraton Atlanta*

*Hotel*, 618 F. App'x 987, 989 (11th Cir. 2015) (quoting *Mingo v. Sugar Cane Growers Co–*

*op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)). "'The power to invoke this sanction [of

dismissal] is necessary in order to prevent undue delays in the disposition of pending cases

and to avoid congestion in the calendars of the [d]istrict [c]ourt.'" *Equity Lifestyle*, 556

F.3d at 1240 (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967));[3]

*see also* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed,

administered, and employed by the court and the parties to secure the just, speedy, and

---

[2] Though Rule 41(b) refers specifically to dismissal on a defendant's motion, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with a court order." *Rodriguez v. Lawson*, 848 F. App'x 412, 413 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005)).

[3] *In Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

inexpensive determination of every action and proceeding."); *Chambers*, 501 U.S. at 43 (holding federal courts are vested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Whether to dismiss a complaint under Rule 41(b) "is a matter committed to the district court's discretion." *Equity Lifestyle*, 556 F.3d at 1240 n.14 (citing *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quoting *Jones*, 709 F.2d at 1458). Further, if a court finds a clear record of delay or contumacious conduct by the plaintiff, dismissal for failure to comply with court orders may be a dismissal with prejudice. *See McKinley v. F.D.I.C.*, 645 F. App'x 910, 911 n.3 (11th Cir. 2016) (citing *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)). Dismissal with prejudice "is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *McKelvey*, 789 F.2d at 1520.

## II.    DISCUSSION

On September 16, 2025, the court issued an Order directing Plaintiff to amend his complaint because it failed to include "only those [defendants] he contends are personally responsible for the acts or omissions," "a short, plain statement of the facts on which Plaintiff bases his claims" and "a short, plain statement of each claim showing Plaintiff is entitled to relief," as required under Federal Rule of Civil Procedure 8(a)(2).  (Doc. No. 20

3

at 2.)  The court provided simple, adequate instructions for amending the complaint and appointed an attorney volunteer through the court's *Pro Se* Assistance Program ("PSAP") to assist Plaintiff with amending the complaint "on or before October 30, 2025."[4] (*Id.* at 1-2.) In addition, the court advised Plaintiff that "failure to file an amended complaint in compliance with the requirements of [the] Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the Court's orders. Such dismissal may be with or without prejudice." (*Id.* at 3.)

Notwithstanding the court's advisement, Plaintiff did not file an amended complaint by the deadline.[5] Thus, on November 3, 2025, the court issued an Order directing that, on or before November 14, 2025, Plaintiff show cause why this action should not be dismissed for failure to comply with court orders. (Doc. No. 32.) Plaintiff did not respond.[6]

Consequently, on November 21, 2025, the undersigned entered a Recommendation that the case be dismissed without prejudice for failure to comply with court orders. (Doc. No. 37.) The undersigned stated:

> Because Plaintiff has failed to comply with the court's [o]rders, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned,

---

[4] Despite the assistance of a PSAP attorney, Plaintiff has failed to prosecute this case. (*See* Doc. No. 32 n.1.) ("The appointment of a PSAP attorney is a privilege, not a right. In many cases, the court is unable to obtain a PSAP volunteer to assist with drafting complaints due to the limited number of PSAP volunteers. Plaintiff wasted limited judicial resources by receiving the services of the PSAP volunteer, then failing to file an amended complaint.")

[5] The PSAP attorney prepared an amended complaint, yet Plaintiff did not file it.

[6] (*See* Doc. No. 35 (Return Receipt Card showing service of November 3, 2025 Order).)

generally is not an abuse of discretion.")  Under Rule 41(b) of the Federal Rules of Civil Procedure, the Court has inherent authority to "dismiss *sua sponte* for lack of prosecution" or failure to comply with an order. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)*.* This authority to dismiss is necessary so that courts can "achieve the orderly and expeditious disposition of cases." (*Id*. at 631.) In this case*,* where Plaintiff has, on multiple occasions, failed to comply despite the court's warnings, the undersigned finds that the "lesser sanctions [would] not suffice" and dismissal is necessary to prevent undue delays and congestion of the District Court's calendar. *See Id.* at 629-30.; *Mingo*[, 864 F.2d at 102]*.*

(*Id.* at 3.)

On December 8, 2025, Plaintiff timely filed an objection to the November 21, 2025

Recommendation. (Doc. No. 40.) He stated:

Plaintiff acknowledges that an amended complaint has not yet been submitted. However, this delay is undertaken in good faith. Plaintiff refrained from filing the amendment to avoid triggering unnecessary defensive reactions or complicating the ongoing . . . mediation efforts. Plaintiff sought instead to maintain a cooperative environment conducive to settlement and to avoid unnecessary costs and delays.

Dismissal of this action at the present stage would be futile and unduly burdensome. If dismissed, the issues between the parties would almost certainly require refiling, which would impose additional costs, renewed service requirements, and further delay. Maintaining the case while mediation progresses promotes judicial economy, preserves resources, and aligns with the parties' demonstrated willingness to continue working toward resolution.

(Doc. No. 40.)

Despite his self-serving statement that he acted in "good faith" by deciding to

disregard court orders, Plaintiff provided no valid excuse for willfully electing not to

comply with the orders to amend. He never informed the court that, to facilitate ongoing

mediation discussions,[7] he wished to be relieved of those orders. Nor did he seek an extension of time to file the amended complaint for the same reason. The delay and cost Plaintiff asserted a dismissal sanction would cause were largely his own. It is clear Plaintiff has not considered the delay and cost his failure to comply with court orders has caused the court and Defendants. Nevertheless, to prevent prejudice to Defendants and the ongoing settlement discussions, and in the interest of efficiently resolving this matter, on December 16, 2025, the undersigned withdrew the November 21, 2025 Recommendation, stating:

> The court is obliged to manage its docket to ensure the just, speedy, and efficient resolution of the cases before it. *See Dietz v. Bouldin*, 579 U.S. 40, 45, 47 (2016); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). In accordance with these obligations, the court will not allow cases to sit dormant on its docket simply because mediation has stalled and Plaintiff has yet to comply with orders to amend his complaint. Furthermore, United States Magistrate Judge Chad W. Bryan informed the undersigned that [Pro se Assistance Program ("PSAP')] court-annexed mediation has concluded with no settlement and further discussions would not be beneficial. This case must move forward.

(Doc. No. 44 at 1.)

In addition to withdrawing the November 21, 2025 Recommendation, the undersigned vacated the referral of this action to PSAP court-annexed mediation, released the PSAP volunteer attorney from her responsibilities to assist Plaintiff with mediation, encouraged the parties to continue settlement discussions on their own, and, once again, ordered Plaintiff to file an amended complaint. (*Id.* at 2.) The court set a new deadline –

---

[7] An amended complaint could have clarified the claims to be settled.

December 23, 2025 – for filing the amended complaint, provided simple instructions regarding the required contents of a complaint, and provided the following warnings:

> **[P]laintiff is ADVISED that failure to timely file an amended complaint in compliance with the requirements of this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the Court's orders.**
>
> Court-ordered deadlines exist to ensure the prompt resolution of this action. The case will not move forward if Plaintiff continues his pattern of failing to comply with court orders, or if the parties delay their litigation responsibilities because they are engaged in open-ended mediation or settlement discussions. **Absent express leave of court, the existence of settlement discussions does not excuse any party from complying with court orders.** (*See* Doc. No. 40 (Plaintiff's admission that, out of concern for the ongoing mediation discussions, he unilaterally decided to disregard court orders to amend his complaint).)  Motions to extend court deadlines and for relief from court orders must comply with the applicable Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 6, 7.
>
> On numerous occasions, the court has advised Plaintiff of the consequences of continued failure to abide by the court's orders. **Failure to comply with court orders may result in sanctions, including monetary sanctions or dismissal of this action. If Plaintiff fails again to comply with a court order, the undersigned <u>will</u> recommend this action be dismissed <u>with prejudice</u>.**

(*Id.* at 2–4 (emphasis in original).)

Despite the clear warning in the December 16, 2025 Order, Plaintiff did not file an amended complaint by the December 23, 2025 deadline. Therefore, one month later,[8] the undersigned ordered "that, on or before February 4, 2026, Plaintiff shall show cause why

---

[8] Previously, on January 9, 2026, the court ordered Plaintiff to show cause why the action should not be dismissed with prejudice for his failure to comply with the December 16, 2025 Order by January 20, **2025**. (Doc. No. 45 (emphasis added).) Due to the typographical error in the deadline, the court issued a second show cause order on January 23, 2026. (Doc. No. 46.)

this action should not be dismissed with prejudice for his failure to comply with the December 16, 2025 Order (Doc. No. 44) to file an amended complaint." (Doc. No. 46 (emphasis omitted).) The court warned Plaintiff yet again that "[f]ailure to comply . . . will result in a recommendation of dismissal with prejudice." (*Id*.) To date, Plaintiff has not responded to the show cause order.

The foregoing discussion sets forth Plaintiff's recent disregard of court orders, but the docket in this matter displays his previous repeated failures to comply with court orders and the undersigned's persistent efforts to move this case forward. On three instances, the court ordered Plaintiff to complete and file the PSAP Information and Declaration before he complied with the directive on October 28, 2025. (Docs. No. 18, 19, 28,[9] 29, 30.) Plaintiff was ordered twice to update his mailing address before finally complying on October 22, 2025. (Doc. No. 26.) Despite two orders to amend, multiple warnings about failure to comply, and the PSAP volunteer attorney's assistance, he still has not amended his complaint. He failed to respond to the January 23, 2026 Order to show cause why the case should not be dismissed with prejudice for failure to comply with court orders. (Doc.

---

[9] In its October 23, 2025 Order to file the necessary PSAP forms, the court noted:

> At the status conference held on October 22, 2025, Plaintiff addressed why he should not be sanctioned and why this case should not be dismissed for want of prosecution. Despite repeated warnings, to date, Plaintiff has failed to comply with two court orders. (*See* Docs. No. 17, 18, 19, 20, 22.) The court warned Plaintiff that one more act of non-compliance will result in a recommendation of dismissal with or without prejudice by the undersigned for failure to comply with court orders and failure to prosecute.

(Doc. No. 28 at 1.)

8

No. 46.) Meanwhile, the court has repeatedly warned Plaintiff that failure to timely comply with a court order could result in dismissal of the action, even a dismissal with prejudice. (Docs. No. 17, 19, 20, 22, 28, 32,[10] 44.) In every court proceeding the undersigned has held in this action to date, the undersigned advised Plaintiff of his responsibilities to comply with court orders and the consequences of failing to do so. Plaintiff has heeded none of the court's warnings.

Accordingly, considering the entire docket in this case, the undersigned finds a 'clear record of delay and willful contempt and that lesser sanctions" than dismissal "would not suffice.'" *Goforth*, 766 F.2d at 1535 (11th Cir. 1985). Despite numerous warnings, Plaintiff has willfully continued his obstinate refusal to comply with orders to amend his complaint.[11] Two months ago, Plaintiff was warned failure to comply with the December 16, 2025 Order would result in a recommendation of dismissal "**with prejudice**," yet he still failed to obey the order. (Doc. No. 44 at 4 (emphasis in original).) Despite the court's repeated advisements to Plaintiff of the consequences of continued failure to abide by the court's orders, Plaintiff has not complied. Nor has Plaintiff taken any further action to prosecute this case.

---

[10] On November 3, 2025, in ordering Plaintiff to show cause why the case should not be dismissed for failure to comply with court orders and again advising him of the potential for sanctions for noncompliance, the court noted: "[T]his is at least the fourth time Plaintiff failed to comply with court orders. (*See* Docs. No. 17, 18, 19, 26.)" (Doc. No. 32 at 2.)

[11] Since Plaintiff updated his mailing address on December 8, 2025 (Doc. No. 39), none of the court orders, sent to Plaintiff by regular mail, have been returned to the court as undeliverable.

Dismissal without prejudice would be inappropriate in these circumstances. Particularly in light of Plaintiff's stated intent to refile this action in the event of dismissal, "mere dismissal without prejudice would be no sanction at all; rather, it would operate as an opportunity for [Plaintiff] to escape any consequence for failing to comply with the court's" previous orders to amend "by allowing him a chance to refile [an amended c]omplaint in a new action." *Smith v. Circle K Inc.*, No. 2:23-cv-576-MHT-JTA, 2023 WL 9442574, at *5 (M.D. Ala. Dec. 8, 2023), *report and recommendation adopted sub nom. Smith v. Circle K., Inc.*, No. 2:23-cv-576-MHT, 2024 WL 329143 (M.D. Ala. Jan. 29, 2024). Hence, sanctions short of dismissal with prejudice[12] are insufficient to enforce the court's orders. This action is due to be dismissed with prejudice.

### III.   CONCLUSION

The undersigned hereby RECOMMENDS that this action be DISMISSED WITH PREJUDICE for failure to comply with court orders and failure to prosecute.

The Clerk of Court is DIRECTED to serve Plaintiff with a copy of this Recommendation by regular mail and by certified mail, return receipt requested.

---

[12] Monetary sanctions would be unavailing. Despite the denial of Plaintiff's affidavit of hardship by the state court judge (Doc. No. 1-2 at 11), the information in the affidavit would be sufficient to entitle him to proceed in this court *in forma pauperis*. (Doc. No. 1-2 at 9–10.) Based on the affidavit, Plaintiff is unlikely capable of paying a sanction sufficient to compensate for the burden his misconduct has placed on the court and Defendants, or a penalty adequate to discourage him from continuing his recalcitrant disregard of court orders. Additionally, the undersigned has considered Plaintiff's admitted disregard for court orders with which he did not wish to comply. (Doc. No. 40.) A monetary sanction would be ineffective and likely uncollectable, at least without unduly burdensome efforts on the court's behalf. Plaintiff's conduct has already delayed this action long enough; dragging it out longer with more court orders and efforts to enforce them would waste scarce judicial resources and unduly prejudice Defendants.

It is further ORDERED that, on or before **March 16, 2026**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendation in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 2nd day of March, 2026.

_____

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE